Franklin E. GREAVES, Plaintiff,

v.

THE STATE OF NEW YORK, Robert Sanford, C. Liorens, Albert Young, Philip Coombe, Jr., Acting Commissioner of the New York State Department of Correctional Services, Defendants.

No. 95 Civ. 9725(SAS).

United States District Court, S.D. New York.

Jan. 29, 1997.

Solomon Abrahams, White Plains, NY, for Plaintiff.

Richard J. Cardenale, Assistant Attorney General, Attorney General of the State of New York, New York City, for Defendants.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Pursuant to Local Civil Rule 3(j), defendants Sanford and Liorens move for reargument of their motion for summary judgment after plaintiff filed an Amended Complaint. For the reasons set forth below, defendants' motion for summary judgment is now granted.

### Procedural Background

Plaintiff Franklin E. Greaves filed this Section 1983 action on November 16, 1995, alleging that he was wrongly found guilty of disciplinary charges, removed from the Fishkill Correctional Facility's Temporary Release Program ("TRP"), and placed in solitary confinement in violation of his constitutional rights. On October 21, 1996, defendants Sanford and Liorens filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. I denied defendants' motion in an Opinion and Order dated November 14, 1996. *See Greaves v. State of New York*, 951 F.Supp. 33 (S.D.N.Y.1996).

On November 25, 1996, defendants moved for reargument of the November 14 Opinion and Order pursuant to Local Civil Rule 3(j). In a Memorandum Order dated December 17, 1996, I found the plaintiff's original Complaint (the "Complaint") to be "unclear as to what specific instances of wrongful conduct each defendant is alleged to have committed." *See Greaves v. State of New York*, No. 95 Civ. 9725, 1996 WL 727445, at *1 (S.D.N.Y.1996). Accordingly, I ordered plaintiff to file an Amended Complaint "that shall set forth with particularity each specific allegation of wrongful conduct with regard to defendants Sanford, Liorens and Young". *Id.* Plaintiff filed an Amended Complaint on January 2, 1997.

### Legal Standard for Summary Judgment

Because I now grant defendants' motion for summary judgment, I will reiterate the legal standard under Rule 56 of the Federal Rules of Civil Procedure and applicable case law. A party is entitled to summary judgment when there is "no genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden of demonstrating the absence of a material factual dispute rests on the moving party. *See Gallo v. Prudential Residential Svcs., Ltd.*, 22 F.3d 1219, 1223 (2d Cir.1994). Once that burden is met, the non-moving party must present "significant probative supporting evidence" that a factual dispute exists. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11.

The court's role is not to try issues of fact, but rather to determine whether issues exist to be tried. *See Balderman v. United States Veterans Admin.*, 870 F.2d 57, 60 (2d Cir. 1989); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir.1987). All ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought. *See Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14; *Donahue*, 834 F.2d at 57, 60. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. *See Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir.1994).

### Discussion

The November 14 Opinion and Order resolved the sole issue of whether plaintiff had a liberty interest in his continued participation in the Fishkill TRP. Finding that he

did, I ruled that plaintiff had an actionable claim under Section 1983 and denied defendants' motion for summary judgment based on their arguments to the contrary. *See Greaves*, 951 F.Supp. at 35 ("[P]laintiff's removal from the TRP and his subsequent placement in solitary confinement constitutes a 'major disruption' of his life and inflicts an 'atypical and significant hardship'.... For the foregoing reasons, defendants' arguments that plaintiff did not have a liberty interest in remaining in the TRP must fail.").

■ On motion for reargument, defendants directed the Court's attention to the fact that the Complaint alleged that defendants were only involved in the filing of a false misbehavior report. *See* Defendants' Memorandum of Law in Support of Motion for Reargument at 3–4. Defendants also correctly observed that the Second Circuit has held that "a prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986), *cert. denied*, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988). Rather, an inmate's constitutional right to due process requires prison officials to conduct a proper hearing before disciplining that inmate based on a misbehavior report. In other words, the failure to conduct a constitutionally adequate disciplinary hearing may give rise to a Section 1983 action, but the mere filing of a false misbehavior report against an inmate does not. *See Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986).

As I stated in the November 14, 1996 Memorandum Order, it was unclear from the Complaint whether the defendants' allegedly wrongful conduct extended beyond filing a misbehavior report on February 24, 1995. *See Greaves*, 1996 WL 727445, at *1. The Complaint stated in ambiguous terms that Sanford, Liorens and Young "acting sever[al]ly, jointly and in concert with each other" deprived plaintiff of his constitutionally protected liberty interest in the TRP. *See* Complaint at ¶¶ 29, 30. However, while plaintiff's Memorandum of Law alleged that either Sanford or Liorens was personally involved in the disciplinary hearing, the Complaint contained no specific allegations of fact

with regard to these defendants beyond the filing of the misbehavior report. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at 6. I ordered plaintiff to file an Amended Complaint to ascertain whether plaintiff's failure to set forth such specific allegations in his original Complaint was inadvertent.

■ Plaintiff's Amended Complaint fares no better than his original Complaint. The Amended Complaint contains no specific allegations with regard to defendants Sanford and Liorens apart from the claims that they caused plaintiff to be confined to the prison by filing a misbehavior report against him on February 24, 1995. *See* Amended Complaint at ¶¶ 14–15, 23. The Amended Complaint again sets forth the nebulous claim that "[d]efendants Robert Sanford, Albert Young, C. Liorens and other unknown correction officers acting sever[al]ly, jointly and in concert with each other in the scope of their authority and employment and under Color of Law" violated plaintiff's constitutional rights. *Id.* at ¶ 36. *See also id.* at ¶ 37. Yet there is no indication from the Amended Complaint how defendants Sanford or Liorens may have been personally involved in any wrongful acts that allegedly took place after they filed a misbehavior report against plaintiff.

■ Plaintiff's legal memorandum filed after the Amended Complaint continues to argue that either Sanford or Liorens gave false testimony during plaintiff's disciplinary hearing. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Reargument at 2. Yet it is well established that arguments in legal memoranda may not in themselves serve to create a triable issue of material fact when unsupported by accompanying affidavits, pleadings, depositions, or stipulations. See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2723 at 64 (1996) (citing, *inter alia, Imperial News Co. v. P–I–E Nationwide, Inc.*, 727 F.Supp. 86, 89 (E.D.N.Y.1989), *aff'd*, 905 F.2d 641 (2d Cir.1990)). *See also* 6 Moore's Federal Practice ¶ 56.11[1] at 56–108 (2d ed.1996) (citations omitted). Thus plaintiff's Memoranda of Law cannot defeat defendants' motion for summary judgment by asserting one of the defendants was personally involved in plain-

tiff's disciplinary hearing if this allegation is not set forth in the Amended Complaint.

■ Finally, plaintiff maintains that the holdings of *Freeman* and *Williams* do not apply where an inmate is removed from a TRP and incarcerated for "an extended period of time" before a disciplinary hearing is held. *See* Plaintiff's Supplementary Memorandum of Law in Opposition to Defendants' Motion for Reargument at 3–4. Plaintiff cites no case law to support this argument. Also, plaintiff's contention is undermined by the fact that the Amended Complaint alleges that a disciplinary hearing was held two days after plaintiff was removed from the TRP. *See* Amended Complaint at ¶ 16. This two day detention cannot be said to have constituted a violation of plaintiff's right to due process as he had planned to spend two days at the Fishkill Correctional Facility when he arrived on February 24, 1995. *See* Amended Complaint at ¶ 11. Nor can plaintiff claim to have suffered a violation of his constitutional rights because of his detention in solitary confinement. *See Sandin v. Conner*, 515 U.S. 472, ——, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995) (an inmate has no liberty interest in remaining among the general population of a prison facility). Thus, plaintiff's claim to a violation of his due process rights necessarily arises from his post-hearing detention, not the allegedly false misbehavior report filed by defendants Sanford and Liorens.

Plaintiff's Amended Complaint fails to allege any misconduct by defendants Sanford and Liorens other than the filing of an allegedly false misbehavior report against plaintiff on February 24, 1995.[1] Plaintiff has also failed to set forth any convincing reason as to why this Court should deviate from the rule that a corrections officer cannot be deemed to have been personally involved in a constitutional violation resulting from a misbehavior report if that officer's sole alleged wrongdoing is limited to filing the report. No issues of fact exist to be tried with regard to defendants Sanford and Liorens, and accord-

ingly they are entitled to judgment as a matter of law.

### Conclusion

For the foregoing reasons, I find that the Amended Complaint fails to set forth any genuine issue of triable fact and that defendants Sanford and Liorens are entitled to judgment as a matter of law. Defendants' motion for summary judgment is hereby GRANTED.

As a final matter, I note that Albert Young, who is at this point the only remaining defendant in this action, has still not been served with process despite this Court's December 17 Order that the State of New York provide plaintiff with defendant Young's last known home address or to accept service on Young's behalf by January 2, 1997. *See Greaves*, 1996 WL 727445, at *1. A conference is scheduled for February 7, 1997 at 2:00 P.M. to discuss why the State of New York has not accepted service on Young's behalf and to review the status of this case.

SO ORDERED.

■

---

1. The December 17 Opinion made quite clear that plaintiff was to file an Amended Complaint setting forth with particularity each specific allegation of wrongful conduct with regard to defendants Sanford and Liorens. *See Greaves,* 1996 WL 727445, at *1. I must therefore assume that the Amended Complaint represents all the factual allegations that plaintiff could possibly set forth in any well-drafted Complaint. It is therefore inappropriate to permit plaintiff to submit a Second Amended Complaint.